Kathryn G. Spelman, Esq. (Cal. Bar No. 154512)
Daniel H. Fingerman, Esq. (Cal. Bar No. 229683)
Benjamin R. Lemke (Cal. Bar No. 271706)
Mount, Spelman & Fingerman, P.C.
Riverpark Tower, Suite 1650
333 West San Carlos Street
San Jose CA  95110-2740
Phone: (408) 279-7000
Fax:     (408) 998-1473
Email: kspelman@mount.com; dfingerman@mount.com;
          blemke@mount.com

Counsel for San Francisco Technology Inc.

ORIGINAL FILED

2011 MAY -3  P 3: 19

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
N.D. CA. SAN JOSE

United States District Court
Northern District of California

| San Francisco Technology Inc. | Case No. CV 11-02178 DMR |
|---|---|
| Plaintiff | **Complaint** |
| vs. | |
| Pearhead Inc. | **Jury Trial Demanded** |
| Defendant | |

Plaintiff San Francisco Technology Inc. ("SF Tech") files this Complaint against defendant Pearhead Inc. ("Pearhead") and alleges as follows:

### Nature of Action

1. This is a *qui tam* action for false patent marking. Pearhead has falsely marked products with intent to deceive the public in violation of 35 U.S.C. § 292 and must be civilly fined for each offense. The statute provides:

> Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word 'patent' or any word or number importing that the same is patented, for the purpose of deceiving the public ... Shall be fined not more than $500 for every such offense.

### Parties

2. SF Tech is a Delaware Corporation with its principal place of business in San Jose, California.

3. Upon information and belief, Pearhead is a New York business entity with a principal place of business at 475 Northern Blvd. Ste 33, Great Neck, New York 11021.

### Jurisdiction & Venue

4. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), and 1355(a).

5. Venue is appropriate in this District under 28 U.S.C. §§ 1391(b) and 1395(a).

6. This court has personal jurisdiction over Pearhead. Pearhead has sold its products, including its falsely marked products in California and in this District and/or in the stream of commerce with knowledge that they would be sold in California and in this District. Such sales are substantial, continuous, and systematic. Pearhead's products, including its falsely marked products, are systematically and continuously sold at retail stores in San Jose, California such as the Buy Buy Baby store at 5353 Almaden Expressway.

### Count 1: False Patent Marking

7. SF Tech incorporates by reference all above allegations.

8. Pearhead advertises itself as a globally connected baby and pet product company,

boasting of distribution to four continents.[1]

9. Between 2001 and 2008, the United States Patent and Trademark Office issued 32 design patents to Thomas Ray Sakaguchi, inventor and chairman or chief executive officer of Pearhead. Pearhead knew that the scope of protection for each design patent was razor-thin and, accordingly, obtained separate patents for micro-variations. For example, Pearhead obtained separate design patents with razor-thin claim scope for the following micro-inventions:

    a. different numbers of picture spaces: U.S. Patent D526,492 claims a "Frame with an impression and a picture space"; U.S. Patent D526,794 claims a "Frame with two impressions and *two* picture spaces"; U.S. Patent D527,914 claims a "Frame with two impressions and *three* spaces"

    b. rectangular-shaped display holes versus circular-shaped display holes: U.S. Patent D521,253 claims a "Frame with *rectangular* display hole and impression" while U.S. Patent D520,757 claims a "Frame with a *round* display hole and an impression"

    c. different placements for display holes: U.S. Patent D531,800 claims a "Keepsake box with an impression on the top" while U.S. Patent D530,916 claims a "Keepsake box with an impression" (impression is shown on the front of the box)

10. Pearhead makes and sells bookmarks with photograph holders (collectively, "photo bookmarks"). Photographs of examples of these products are shown below:

  

---

[1] *See* Contact, http://pearhead.com/contact.php (last visited April 26, 2011)

11.     Despite knowing that its patents did not protect the photo bookmarks, Pearhead made a conscious decision to advertise to the consuming public that its photo bookmarks were "Protected by U.S. Patent No. D446394; D484320; D488625; D530916; D529299; D527915; D526794; D526492; D525439; D521253; D520759; D520758; D520757; D520755; D520251; D518966; D517331; D514827; D514826; D514825; D514824; D511041; D503543; D531800; D532615; D541855 Other Patents Pending" by placing that text on the packages for products to be sold — thereby marking the products with patents that did not protect them. The statements contained on the packaging for the bookmarks identifying the products as protected by those patents were false.

12.     No ordinary observer would consider any of the photo bookmarks to be the same design as any of the listed patents. None of the photo bookmarks are within the scope of the claims of any of the listed patents. The photo bookmarks are not embodiments of any of the listed patents.

   a.   Of the 26 listed patents, 24 claim either a frame or a box displaying an impression. The example of an impression given for all 24 of those patents appears to be a baby footprint or baby handprint in plaster. None of the photo bookmarks bear an impression, have room to display an impression, or contain anything remotely resembling an impression.

   b.   U.S. Patent D541,855, claims a "Gift card with keepsake print." None of the photo bookmarks remotely resemble the design claimed in U.S. Patent D541,855. Thus, none of the photo bookmarks are embodiments of U.S. Patent D541,855.

   c.   U.S. Patent D527,915 claims a mirror. This marking is false because Pearhead's photo bookmarks bear no resemblance to the mirror claimed in U.S. Patent D527,915. This marking might be the result of an error, since Pearhead chairman or chief executive officer, Thomas Ray Sakaguchi, is inventor of U.S. Patent D527,914 — a patent whose number differs from the marked patent by one digit. However, even if the marking had invoked U.S. Patent D527,914, the marking would still be false because U.S. Patent D527,914 claims a "Frame with two impressions and three spaces" — which bears no resemblance to any of Pearhead's photo bookmarks. Thus, the photo bookmarks are not embodiments of U.S. Patents D527,915 or D527,914.

13. The facts constituting the circumstances of the alleged false patent marking are particularly within Pearhead's knowledge or readily obtainable by it. However, there are known facts, as alleged herein, from which one may reasonably infer that Pearhead intended to deceive the public when it chose to mark its products with patents that do not protect those products.

14. Pearhead spends significant time, money and effort in advertising its products, both in the packaging and labeling of its products as well as on its website, all of which is directed to the consuming public in an effort to promote Pearhead's products, emphasize desirable product qualities and arouse in the consumers a desire to buy.

15. Pearhead makes conscious decisions with regard to its product packaging in terms of what to include or exclude. The packaging of Pearhead's photo bookmarks is limited in terms of space; therefore, Pearhead must carefully choose what information to include in this form of advertising. Pearhead chose to mark the products with patents that do not cover those products.

16. Pearhead elected to advertise irrelevant patents on its photo bookmark products in order to induce the public to believe its photo bookmark products were covered by patent protection and therefore more desirable, exclusive, or innovative.

17. Pearhead was aware that the patents did not cover the marked products and were of no effectiveness or value, but chose to falsely promote its photo bookmark products as patented on the product packaging.

### Demand For Judgment

SF Tech demands judgment against Pearhead, as follows:

1. A declaration that Pearhead violated 35 U.S.C. § 292.

18. An accounting of the number, sales, and revenue of all falsely marked articles.

19. A civil fine of $500 for each offense — half paid to the U.S., and half paid to SF Tech.

20. A declaration that this is an exceptional case.

21. Costs, including attorney fees.

22. Any other relief the court deems appropriate.

### Demand For Jury Trial

SF Tech demands a jury trial on all issues so triable.

Date: April 27, 2011

Mount, Spelman & Fingerman, P.C.,

/s/ Daniel H. Fingerman

Counsel for San Francisco Technology Inc.

Z:\CLIENTS\F CLIENTS\False019\Attorney Notes\Drafts\Complaint False019 Pearhead.doc

MOUNT, SPELMAN & FINGERMAN, P.C.
RIVERPARK TOWER, SUITE 1650
333 WEST SAN CARLOS STREET
SAN JOSE, CALIFORNIA 95110-2740
TELEPHONE (408) 279-7000